(18 Misc. Rep. 334.)

## GOULD v. GOULD.

(Supreme Court, Special Term, Albany County.   October, 1896.)

1. JUDGMENT FOR DIVORCE—AMENDMENT—SUPPORT OF PLAINTIFF.
   Code Civ. Proc. § 1771, authorizing the court to amend, vary, or modify a direction in a final judgment, does not apply to the modification of a judgment of absolute divorce by inserting a provision for the support of plaintiff and child, where such a direction was not made by the judgment as originally entered, though it was authorized by Code Civ. Proc. § 1759, in force at the time.

2. SAME—MOTION TO MODIFY—RELEASE BARS.
   A release of defendant by plaintiff in a divorce suit from the maintenance of their child, awarded to plaintiff by the judgment, bars a motion by plaintiff to modify the judgment by inserting a provision therein for the maintenance of the child.

Action by Anna L. Gould against Anthony Gould for divorce. Plaintiff moves to modify the judgment of absolute divorce. Denied.

Isaac B. Barrett, for plaintiff.
Clute & McCormic, for defendant.

CHESTER, J.   The plaintiff moves to modify a judgment of absolute divorce obtained by her from the defendant in 1887, on the ground of adultery, by inserting a provision therein for her support, and for the maintenance of an infant daughter of the plaintiff and defendant.   The relief asked for is sought to be justified by the amendment in 1895 to section 1771 of the Code of Civil Procedure.   This amendment, however, only authorizes the court to annul, vary, or modify a direction in a final judgment.   The Code, as it existed at the time this judgment was granted, authorized, in section 1759, a provision requiring the defendant, where the action was brought by the wife, to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff.   But no such provision is contained in this judgment, and therefore there is no direction in the judgment which can be annulled, varied, or modified, as provided by section 1771, as it now stands.   The case of Erkenbrach v. Erkenbrach, 96 N. Y. 456, is not an authority in favor of the plaintiff's contention, for the reason that that was decided under a provision in the Revised Statutes, since repealed, which authorized the court, in a suit brought by a married woman for a divorce or a separation, after a final hearing, to make such order, as between the parties, for the custody, care, and education of the children of the marriage, as may seem necessary or proper.   2 Rev. St. p. 147, § 59.   Even though the court had the power, under the law, to grant the relief asked for, it could not be granted because of the general release executed by the plaintiff to the defendant after the judgment in question was made, which the defendant has read on this motion.   This, among other things, is a release on the part of the plaintiff of all claims for alimony, and also for the support and maintenance of the child during the time she is under the care, cus-

tody, and control of the plaintiff, such custody having been awarded to her in the judgment. The release is therefore broad enough to stand in the way, not only of the provision for support now asked for by the plaintiff, but also to prevent the plaintiff from having the relief she seeks on behalf of the child. The motion should therefore be denied.

Motion denied.